| | | |
|---|---|---|
| **UNITED STATES DISTRICT COURT** | ☆ | **SOUTHERN DISTRICT OF TEXAS** |
| | | **HOUSTON DIVISION** |

| | | |
|---|---|---|
| DILORENZO BIOMEDICAL, LLC, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action 4:23-cv-1800 |
| LIVANOVA, INC. AND LIVANOVA USA, INC. | § § § | Patent Case |
| | § | Jury Trial Demanded |
| Defendants. | § § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(F)
FEDERAL RULES OF CIVIL PROCEDURE**

**1.    State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.**

The parties held the Rule 26(f) conference on October 6, 2023 via telephonic conference. Plaintiff DiLorenzo Biomedical, LLC ("Plaintiff" or "DiLorenzo Biomedical") was represented by David G. Liston, Ronald Abramson, and Alex G. Patchen. Defendants LivaNova, Inc. and LivaNova USA, Inc. (collectively, "Defendants" or "LivaNova") were represented by Benjamin Elacqua and Kate Quisenberry.

**2.    List the cases related to this one that are pending in any state or federal court with the case number and court.**

None.

3. **Specify the allegation of federal jurisdiction.**

**Plaintiff's Position:**  The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), in that this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 et seq.

**Defendants' Position:**  The Court lacks subject matter jurisdiction because Plaintiff does not have standing to bring this lawsuit and Defendants intend to move to dismiss pursuant to Fed. R. Civ. P. 12(b)(1).  *See infra* § 4.

4. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

Defendants believe that Plaintiff was required to add Defendants as plaintiffs to the action in order for Plaintiff to have standing.  Defendants also believe that Plaintiff's rights in the asserted patents are not sufficient to have standing for patent infringement against Defendants.  Defendants intend to file a motion to dismiss for lack of standing under Federal Rule of Civil Procedure 12(b)(1) on these grounds.

Plaintiff disagrees that it does not have standing to bring this lawsuit and will oppose Defendants' forthcoming motion.

5. **List anticipated interventions.**

None at this time.

6. **Describe class-action issues.**

None at this time.

**7.     State whether each party represents that it has made the initial disclosures required by Rule 26(a).  If not, describe the arrangements that have been made to complete the disclosures.**

The parties anticipate making initial disclosures as required by Rule 26(a) two weeks following the Court's decision regarding LivaNova's forthcoming Rule 12(b)(1) motion to dismiss.

**8.     Describe the proposed agreed discovery plan, including:**

   **A.     Responses to all the matters raised in Rule 26(f).**

The parties have prepared this joint discovery / case management plan and proposed scheduling order in advance of the October 24, 2023 conference.

   **B.     When and to whom the plaintiff anticipates it may send interrogatories.**

After discovery begins, DiLorenzo Biomedical anticipates serving interrogatories on LivaNova.

   **C.     When and to whom the defendant anticipates it may send interrogatories.**

After discovery begins, Defendants anticipate serving interrogatories on Plaintiff.

   **D.     Of whom and by when the plaintiff anticipates taking oral depositions.**

As soon as practicable after the production of written documents, DiLorenzo Biomedical anticipates taking the oral depositions of (i) LivaNova management and employees involved in the development, structure, use, features, design, marking, operation, manufacture, supply, and commercialization of the products at issue; (ii) LivaNova management and employees involved in sales, marketing, advertising, and financials; (iii) LivaNova management and employees involved in and/or knowledgeable about negotiations, agreements, licenses, and contracts relating to the technology disclosed in the patents-in-suit; and (iv) persons identified in LivaNova's initial disclosures or otherwise designated as a corporate representative pursuant to Rule 30(b)(6). Additional depositions of presently unknown third parties may also be necessary.

  **E.**  **Of whom and by when the defendant anticipates taking oral depositions.**

Defendants anticipate taking oral depositions of at least (1) Dr. Daniel J. DiLorenzo, named inventor of the Asserted Patents; (2) DiLorenzo Biomedical and its members, subsidiaries, or parents; (3) persons identified in Plaintiff's initial disclosures or otherwise designated as a corporate representative pursuant to Rule 30(b)(6); and (4) any expert that may submit a report in this action. Additional depositions of presently unknown third parties may also be necessary, including parties with knowledge of prior art to the Asserted Patents.

  **F.**  **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.**

The parties agree to disclose expert witnesses and exchange expert reports according to the joint proposed scheduling order filed contemporaneously herewith.

  **G.**  **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

DiLorenzo Biomedical anticipates taking the depositions of any experts designated by LivaNova according to a schedule consistent with the joint proposed scheduling order filed contemporaneously herewith.

  **H.**  **List expert depositions the opposing party anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

Defendants anticipate taking the deposition of any experts designated by Plaintiff according to the joint proposed scheduling order filed contemporaneously herewith.

**9.**  **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties have agreed to the extent reflected herein.

10. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    None.

11. **State the date the planned discovery can reasonably be completed.**

    The parties anticipate completing discovery according to a schedule consistent with the joint proposed scheduling order filed contemporaneously herewith.

12. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The parties anticipate discussing potential settlement or resolution of the case at a mediation to take place following the completion of briefing on LivaNova's forthcoming Rule 12(b)(6) motion to dismiss.

13. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    The parties believe potential settlement or resolution discussion may be best informed following the completion of briefing on LivaNova's forthcoming Rule 12(b)(1) motion to dismiss.

14. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

    As set forth in the scheduling order, the parties believe that a mediation after the completion of briefing on LivaNova's forthcoming Rule 12(b)(1) motion to dismiss would be suitable should the parties be unable to come to a resolution on their own.

15. **Magistrate judges may now hear jury and non-jury trials.  Indicate the parties' joint position on a trial before a magistrate judge.**

    At this time, the parties do not consent to referral of pretrial proceedings to or trial before a magistrate.

16. **State whether a jury demand has been made and if it was made on time.**

    DiLorenzo Biomedical made a timely jury demand.

17. **Specify the number of hours it will take to present the evidence in this case.**

    **Plaintiff's Position:**  Plaintiff presently believes that a trial of this matter would last approximately 8-10 trial days with approximately 30 hours of trial time per side.

    **Defendants' Position:**  Defendants presently believe that a trial of this matter would last approximately 5 trial days with approximately 15 hours of trial time per side.

18. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None.

19. **List other motions pending.**

    None, although LivaNova expects to file a Rule 12(b)(1) motion to dismiss as set forth in the joint proposed scheduling order filed contemporaneously herewith.

20. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    *See* additional matters, as required by P.R. 2-1(a):

    A. **any proposed modification of the schedule provided in the Scheduling Order Template, which is available on the District's website;**

    The parties discussed any necessary modifications of the schedule, which are reflected in the joint proposed scheduling order filed contemporaneously herewith.

    B. **a plan for completing electronic discovery;**

    The parties anticipate that they will submit a stipulated ESI Order that will contain a Fed. R. Evid. 502(d) provision that a production of a document shall not constitute a waiver of any privilege applicable to that document.

  C. **the need for presenting technical tutorials to the presiding judge and the mode for such presentations (i.e., live testimony, video presentations) at or before the claim construction hearing;**

At this time, the parties do believe that a technical tutorial will be necessary and helpful for claim construction. However, should the parties believe that a technical tutorial is not necessary after the parties exchange claim construction positions and supporting evidence, the parties will promptly update the Court.

  D. **any deviations from and additions to the form protective order (available at the District's website);**

The parties will discuss any necessary modifications or additions to the form protective order and submit a proposed protective order to the Court.

  E. **whether any party desires to present live testimony at the claim construction hearing;**

Neither party anticipates the need to present live testimony from any fact or expert witness at the claim construction hearing. However, should a party believe that live testimony is desirable after the parties exchange claim construction positions and supporting evidence, the party will promptly update the Court.

  F. **the need for and any specific limits on discovery relating to claim construction, including depositions of fact and expert witnesses;**

Other than the limits on discovery outlined in the Federal Rule of Civil Procedure, the Southern District of Texas's local rules, and the Court's Civil Procedures, the parties do not believe any limitations on discovery relating to claim construction are necessary at this time.

  G. **the order of presentation at the claim construction hearing;**

The parties propose presenting their claim construction arguments on a term-by-term basis with DiLorenzo Biomedical presenting first and LivaNova presenting second with both parties available for follow-up questions from the Court.

    **H.**    **the scheduling of a claim construction prehearing conference after the "Joint Claim Construction and Prehearing Statement" provided in P.R. 4-3 has been filed;**

The parties agree that, within one week of filing the "Joint Claim Construction and Prehearing Statement" required by P.R. 4-3, they will meet and confer regarding the scheduling of a claim construction prehearing conference.

    **I.**    **whether pre- or post-AIA law regarding 35 U.S.C. § 102 is applicable to each patent-in-suit; and**

Pre-AIA law regarding 35 U.S.C. § 102 is applicable to all patents-in-suit.

    **J.**    **whether the presiding judge should authorize the filing under seal of any documents containing confidential information.**

The parties anticipate filing documents under seal and will submit a proposed protective order to the Court proposing that the Court authorize the filing under seal of any documents containing information that has been designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

**21.**    **List the names, bar numbers, addresses and telephone numbers of all counsel.**

**Counsel for Plaintiff DiLorenzo Biomedical, LLC:**

Wasif H. Qureshi  
Texas Bar No. 24048155  
SDTX No. 584650  
JACKSON WALKER LLP  
1401 McKinney Street, Ste 1900  
Houston, Texas 77010  
(713) 752-4200  
wqureshi@jw.com  

The following counsel for DiLorenzo Biomedical have not yet made their appearances:

Ronald Abramson (*pro hac vice* application forthcoming)  
NY Bar No. 1457126  
LISTON ABRAMSON LLP  
The Chrysler Building

405 Lexington Ave, 46th Floor
New York, New York 10174
Tel: (212) 257-1630
ron.abramson@listonabramson.com

David G. Liston (*pro hac vice* application forthcoming)
NY Bar No. 2642049
LISTON ABRAMSON LLP
The Chrysler Building
405 Lexington Ave, 46th Floor
New York, New York 10174
Tel: (212) 257-1630
david.liston@listonabramson.com

Ari J. Jaffess (*pro hac vice* application forthcoming)
NY Bar No. 4621397
LISTON ABRAMSON LLP
The Chrysler Building
405 Lexington Ave, 46th Floor
New York, New York 10174
Tel: (212) 257-1630
ari.jaffess@listonabramson.com

Alex G. Patchen (*pro hac vice* application forthcoming)
NY Bar No. 4246021
LISTON ABRAMSON LLP
The Chrysler Building
405 Lexington Ave, 46th Floor
New York, New York 10174
Tel: (212) 257-1630
alex.patchen@listonabramson.com

M. Michael Lewis (*pro hac vice* application forthcoming)
NY Bar No. 4467007
LISTON ABRAMSON LLP
The Chrysler Building
405 Lexington Ave, 46th Floor
New York, New York 10174
Tel: (212) 257-1630
michael.lewis@listonabramson.com

Gina K. Kim (*pro hac vice* application forthcoming)
Texas Bar No. 24097937
LISTON ABRAMSON LLP
The Chrysler Building
405 Lexington Ave, 46th Floor
New York, New York 10174
Tel: (212) 257-1630
gina.kim@listonabramson.com

**Counsel for Defendants LivaNova, Inc. and LivaNova USA, Inc.:**

Benjamin C. Elacqua
*Attorney-in-Charge*
Texas Bar No. 24055443
elacqua@fr.com
FISH & RICHARDSON P.C.
909 Fannin Street, Suite 2100
Houston, TX 77010
Tel: (713) 654-5300

Karrie Wheatley
Texas Bar No. 24098605
wheatley@fr.com
FISH & RICHARDSON P.C.
909 Fannin Street, Suite 2100
Houston, TX 77010
Tel: (713) 654-5300

Kathryn Quisenberry
Texas Bar No. 24105639
quisenberry@fr.com
FISH & RICHARDSON P.C.
909 Fannin Street, Suite 2100
Houston, TX 77010
Tel: (713) 654-5300

Dated: October 7, 2023

Respectfully submitted,

*/s/ Wasif H. Qureshi*
Wasif H. Qureshi
Texas Bar No. 24048155
SDTX No. 584650
**JACKSON WALKER LLP**
1401 McKinney Street, STE 1900
Houston Texas 77010
(713) 752-4200
wqureshi@jw.com

OF COUNSEL:

**LISTON ABRAMSON LLP**
The Chrysler Building
405 Lexington Ave, 46th Floor
New York, New York 10174
Tel: (212) 257-1630
Ronald Abramson
David G. Liston
Ari J. Jaffess
Alex G. Patchen
M. Michael Lewis
Gina K. Kim
Email: docket@listonabramson.com

*Counsel for Plaintiff DiLorenzo Biomedical, LLC*

*/s/ Benjamin C. Elacqua*
Benjamin C. Elacqua
*Attorney-in-Charge*
Texas Bar No. 24055443
elacqua@fr.com
Karrie Wheatley
Texas Bar No. 24098605
wheatley@fr.com
Kathryn Quisenberry
Texas Bar No. 24105639
quisenberry@fr.com
**FISH & RICHARDSON P.C.**
909 Fannin Street, Suite 2100
Houston, TX 77010
Tel: (713) 654-5300

*Counsel for LivaNova, Inc. and LivaNova USA, Inc.*